IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAREN MCCHORD                                                                                    PLAINTIFF

vs.                                        Civil No. 4:16-cv-04113

NANCY BERRYHILL                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Karen McChord ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's applications for DIB and SSI were filed in July 2013. (Tr. 29). Plaintiff alleged she was disabled due to due to a broken wrist, knee pain, obesity, and deafness in right ear. (Tr. 348). Plaintiff alleged an onset date of January 27, 2011. (Tr. 20). These applications were denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 258).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's administrative hearing was held on May 13, 2015. (Tr. 45-106). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Harris Rowzie testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-five (55) years old and was a high school graduate, with some college. (Tr. 52-55).

On November 20, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 20-38). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through June 30, 2013. (Tr. 23, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from January 27, 2011, her alleged onset date, through December 27, 2013. (Tr. 23, Finding 2).

The ALJ determined Plaintiff had the severe impairments of status-post right wrist fracture, hearing loss, obesity, anxiety disorder, and affective disorder. (Tr. 23, Finding 3). The ALJ then determined prior to December 28, 2013, Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 28-36). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work including lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for 6 hours in an 8-hour workday; can handle with her right upper extremity; can frequently kneel, crouch, and crawl; understand, remember, and carry out simple, routine tasks; use judgment to make simple work-related decisions; ability to deal with changes in a work setting was limited to simple work-related decisions; occasional interaction with supervisors and coworkers, but no public contact; and time off task is

2

accommodated by normal breaks. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 36, Finding 6). The ALJ found Plaintiff was unable to perform her PRW from January 27, 2011, through December 27, 2013. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform from January 27, 2011, through December 27, 2013. (Tr. 37, finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as polish cleaner with 394,000 such jobs in the nation, bar attendant with 495,000 such jobs in the nation, and marker with 180,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 27, 2011, through December 27, 2013. (Tr. 38, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 18, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 23, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 14. This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing and (B) in assessing Plaintiff's RFC. ECF No. 11, Pgs. 3-17. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included status-post right wrist fracture, hearing loss, obesity, anxiety disorder, and affective disorder. (Tr. 23, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff first argues she meets a Listing under Section 1.02 for major dysfunction of a joint

and 1.07 for fracture of an upper extremity. ECF No. 11, Pgs. 3-10. Defendant argues Plaintiff has failed to establish she meets theses Listings. ECF No. 14.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Further, Plaintiff presented no diagnostic medical evidence showing she has a major dysfunction of a joint characterized by gross anatomical deformity, and findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

Plaintiff also argues she meets Listing 1.07 for fracture of an upper extremity. This Listing is a fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, 1.07. Continuing surgical management

is defined as surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part and may include post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, 1.00M.

The medical evidence does not support Plaintiff's claims that she meets Listing 1.07. Plaintiff had wrist surgeries in 1973 and 1990, which is significantly before the relevant time period in this matter. (Tr. 648). Further, Plaintiff did not lose function of her wrist, as shown by her employment for years after the 1990 surgery. (Tr. 333).

Plaintiff then argues she meets Listing 12.04 for Affective Disorders. ECF No. 11, Pg. 10-14. To be disabled under this Listing, the requirements of both subsection A and B of the Listing in question must be met. 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04. In this matter, the ALJ correctly determined Plaintiff did not meet the four elements of subsection B (the "B" criteria) of any listed mental impairment. (Tr. 26). The "B" criteria require at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. 404, subpt. P, app. 1, §§ 12.04(B).

The ALJ properly determined Plaintiff had mild limitations to her daily activities, and moderate limitations to her social functioning and ability to maintain concentration, persistence, and pace. (Tr. 26). Substantial evidence also supports the ALJ's finding that Plaintiff experienced no repeated episodes of deterioration. *Id.*

The ALJ also found Plaintiff failed to establish the presence of the "C" criteria of Listing

12.04. (Tr. 26-28). The "C" criteria under Listing 12.04 require the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).

The ALJ properly found there was no medical evidence in the record showing Plaintiff had repeated episodes of decompensation; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. (Tr. 26-28).

Plaintiff also asserts the ALJ erred by failing to find that her impairment met or medically equaled the requirements of Listing 12.06 which encompasses anxiety-related disorders. The required level of severity is met when the requirements of paragraphs A and B of Listing 12.06 are shown or when the requirements of paragraphs A and C of Listing 12.06 are shown. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.06. Paragraph A requires proof of generalized persistent anxiety accompanied by at least three symptoms. *Id*. § 12.06A. It would appear Plaintiff meets paragraph A, therefore whether Plaintiff meets paragraphs B and C will be discussed.

9

Paragraph B requires at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or, (4) repeated episodes of decompensation, each of an extended duration. *Id.* § 12.06B. As discussed above, the ALJ properly determined Plaintiff had mild limitations to her daily activities, and moderate limitations to her social functioning and ability to maintain concentration, persistence, and pace. (Tr. 26). Substantial evidence also supports the ALJ's finding that Plaintiff experienced no repeated episodes of deterioration. *Id.*

Paragraph C of Listing 12.06 requires a showing of a "complete inability to function independently outside the area of one's home." *Id*. § 12.06C. Plaintiff has provided no evidence to support this finding.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. Substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### **B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work including lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for 6 hours in an 8-hour workday; can handle with her right upper extremity; can frequently kneel, crouch, and crawl; understand, remember, and carry out simple, routine tasks; use judgment to make simple work-related decisions; ability to deal with changes in a work setting was limited to simple work-related decisions; occasional interaction with supervisors and coworkers, but no public contact; and time off task is accommodated by normal breaks. (Tr. 28). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 11, Pgs. 14-17. However, substantial evidence supports the ALJ's RFC determination.

Plaintiff initially argues the ALJ erred in the RFC determination because she had osteoarthritis of both knees. However, the ALJ correctly found Plaintiff's knee complaints were not severe. As the ALJ found, the Plaintiff did not regularly report knee pain and treatment records do not document any significant knee issues. Also, the treatment records do not contain any abnormal imaging studies.

Plaintiff also argues the ALJ erred because she suffers from tarsal tunnel of both ankles,

which the ALJ did not consider. However, Plaintiff did not alleged any ankle impairments in her disability application documents. (Tr. 348, 467, 510). An ALJ is ordinarily under no obligation to investigate claims not presented at the time of the application for benefits and not offered at the hearing as a basis for disability. *See Sullins v. Shalala*, 25 F.3d 601, 604 (8th Cir.1994).

Plaintiff next argues the ALJ erred in the RFC determination by failing to consider Plaintiff's obesity. However, the ALJ specifically found Plaintiff's obesity to be a severe impairment and provided restrictions for light work with limitations. (Tr. 23-28). Further, Plaintiff has failed to provide any support that additional limitations, beyond what the ALJ found, were needed.

Finally, the Plaintiff argues the ALJ's RFC decision is in error because the hypothetical did not contain all of Plaintiff's impairments. As discussed, the ALJ found Plaintiff had the RFC to perform light work with limitations. (Tr. 28, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 93-104). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 37, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act from January 27, 2011 through December 27, 2013. (Tr. 38, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC

determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of December 2017.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE